UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHALL HARDY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>SDM HOSPITALITY, LLC,<br><br>DEFENDANT | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-cv-3157 |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Marshall Hardy ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against SDM Hospitality, LLC under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant SDM Hospitality, LLC ("Defendant") has violated the FLSA by failing to properly pay its hourly employees overtime premiums for any hours worked over forty per workweek.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Marshall Hardy is an individual residing in this judicial district. His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A. At all relevant times, Hardy was an "employee" of Defendant as defined by the FLSA. At all relevant times, Defendant was Hardy's "employer" as defined by the FLSA.

5. Plaintiffs are Defendant's current and former hourly employees who were paid straight time for all hours worked.

6. Defendant SDM Hospitality, LLC is a domestic limited partnership formed and existing under the laws of the State of Texas.

7. Defendant was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas

and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

10. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Defendant is located in and does business in this judicial district. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division.   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, ovens, stoves, dishwashers, kitchen supplies, cleaning supplies and other

restaurant supplies and equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

16. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

17. Defendant operates a bar and grill.  Defendant employs a number of non-exempt employees, but only pays these employees straight time for all hours worked over forty per workweek.

18. Named Plaintiff was a cook for Defendant, who began his employment in 2015 and is still currently employed.  Throughout his employment with Defendant, Named Plaintiff consistently worked more than forty hours per week.

19. Defendants regularly refused to pay Plaintiffs for all hours worked over forty per workweek, depriving Plaintiffs of earned overtime compensation.

20. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours, nor were they paid for all overtime hours. Defendant required the Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week.  Nonetheless, Defendant failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

21. Defendant has employed and is employing other individuals as non-exempt employees who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have

performed, or are performing, the same or similar job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

22. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Named Plaintiff and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

24. Defendant has a policy or practice of not paying its non-exempt employees overtime premiums for all hours worked over forty per workweek. These policies or practices are and have been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of such policies or practices does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policies or practices that resulted in the refusal to pay overtime premiums for all hours worked over forty per workweek to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former non-exempt employees of Defendant who were not paid overtime premiums for all hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

26. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

      c.      For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      e.      For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

      f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**